**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JONATHON ADAMS,<br><br>    **Plaintiff,**<br><br>v.<br><br>C/O MARCUM,<br>C/O SCHLUETER,<br>JANE DOE,<br>JOHN DOE, and<br>ANTHONY WILLS,<br><br>    **Defendants.** | **Case No. 25-cv-02026-SPM** |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jonathon Adams, and inmate of the Illinois Department of Corrections (IDOC), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Menard Correctional Center. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges the following: On January 1, 2025, Plaintiff informed the first shift officer, Correctional Officer Marcum, that he and his cellmate "were not compatible" and that his cellmate

was threatening him. (Doc. 1, p. 7). Plaintiff asked Marcum to be moved to a different cell or for Marcum to contact a lieutenant or the placement officers so he could be moved because he feared for his safety. Marcum told Plaintiff that he would "look into it," but Marcum did not take any action to assist Plaintiff, and Plaintiff remained in his cell with his cellmate. (*Id.*).

As the day progressed, Plaintiff's cellmate continued to threaten him. (Doc. 1, p. 7). Around 3:15 p.m., Plaintiff spoke with the second shift officer, Correctional Officer Schlueter. Plaintiff informed Schlueter that he needed help because his cellmate was threatening him. Plaintiff also told Schlueter that he and his cellmate should not be housed together because Plaintiff's "out date" is 2027 and the cellmate's "out date" is 2094. Schlueter laughed and said there was nothing he could do for Plaintiff. Plaintiff repeated that he did not feel safe because his cellmate was threatening to kill him, and Schlueter "walked off." Plaintiff was informed by someone named Blakes that Schlueter had said that the only way Plaintiff would be moved to a different cell is if he sees Plaintiff and the cellmate fighting. (*Id.*).

Around 4:45 p.m., Plaintiff's cellmate assaulted him. (Doc. 1, p. 8). When Schlueter did his rounds and walked by Plaintiff's cell, Plaintiff showed Schlueter his injuries and that he had been beaten by his cellmate. Plaintiff's face was swollen and bruised, and his lips would not stop bleeding. Plaintiff pleaded for help and for medical attention for his injuries. Schlueter responded, "You don't look too bad, use some toilet paper and water and clean your self up." (*Id.*).

The next day, January 2, 2025, Plaintiff was taken to the emergency room at a hospital in Chester, Illinois, for his injuries. (Doc. 1, p. 8).

**DISCUSSION**

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

> **Count 1:**    Eighth Amendment claim against Marcum, Schlueter, Jane Doe, and

> John Doe for failing to protect Plaintiff from his cellmate on January 1, 2025.

**Count 2:**    Eighth Amendment claim against Schlueter for denying Plaintiff medical care after he was assaulted by his cellmate on January 1, 2025.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

To state a claim for failure to protect, a plaintiff must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official must have actual knowledge of the risk to the inmate and then fail to act to prevent the harm. *Id.* The plaintiff must allege more than "a generalized risk of violence…for prisons are inherently dangerous places." *Wilson v. Ryker,* 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.* "A substantial risk of serious harm is one in which the risk is so great that it is almost certain to materialize if nothing is done." *Id.*

Plaintiff has provided sufficient allegations for Count 1 to proceed against Correctional Officers Marcum and Schlueter.

Count 1, however, will be dismissed as to Jane Doe and John Doe, both described as placement officers. (*See* Doc. 1, p. 8). Plaintiff claims that these unknown defendants violated every IDOC procedure by housing Plaintiff with his cellmate. Specifically, he claims that Jane

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Doe and John Doe disregarded that his mandatory supervised release (MSR) date is 2027, and his cellmate's MSR date is 2094. (*Id.*). As a result, he was almost killed by his cellmate. (*Id.*). These allegations do not state an Eighth Amendment claim. Section 1983 "protects plaintiffs from constitutional violations, not violations of state law" or regulation *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003). Thus, the failure by Jane Doe and John Doe to follow state regulations when celling Plaintiff does not rise to the level of a constitutional violation.

Plaintiff states that he is suing Warden Anthony Wills in order to help identify Jane Doe and John Doe. (Doc. 1, p. 9). As the Eighth Amendment claim against Jane Doe and John Doe are dismissed, there is no reason for Wills to remain a party to this lawsuit. Wills and any claims against him are dismissed.

### Count 2

Plaintiff asserts that following the assault by his cellmate, his face was swollen and bruised and his lip continued to bleed. (Doc. 1, p. 8). When he asked Schlueter for medical attention, Schlueter denied his request, and the following day, Plaintiff was taken to the emergency room. The Court can infer from Plaintiff's account that the seriousness of his injuries was obvious and that Schlueter should have known that Plaintiff needed immediate medical care. *See Greeno v. Daley,* 414 F. 3d 645, 653 (7th Cir. 2005). Thus, by ignoring his request for medical attention, Plaintiff has sufficiently pled that Schlueter acted with deliberate indifference. Count 2 will proceed against Schlueter.

### Motion for Recruitment of Counsel

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 8), which is **DENIED**.[2] In an attempt to find an attorney on his own, Plaintiff states that with the help of his cellmate he wrote

---

[2] In evaluating the Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

to lawyers. but he has not received any responses. (*Id.* at p. 1). Based on this limited information, he Court cannot determine that Plaintiff has made sufficient efforts to find a lawyer. Thus, Plaintiff has failed to meet his threshold burden of demonstrating attempts to recruit counsel on his own, prior to seeking assistance from the Court.

The Court also finds that Plaintiff is capable of representing himself, at least for now. Plaintiff argues that he is unable to proceed pro se because he is illiterate and is relying on the assistance of other inmates.

This case is in the very early stages. Defendants Marcum and Schlueter have not been served, there are no deadlines for Plaintiff to meet, and very little is required of Plaintiff at this time. Plaintiff should be able to proceed at this point in the litigation with the help of other inmates. *See Kadamovas v. Steven*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel... cannot be gauged."). Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include additional information about his efforts to obtain counsel on his own, such as the names and address of the attorneys he has attempted to contact, when he contacted each attorney, and also supporting documentation, such as the letters from the attorneys who declined representation or copies of his payment vouchers for postage.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Marcum and Schlueter and is dismissed against Jane Doe and John Doe. **COUNT 2** will proceed against Schlueter. The Clerk of Court shall **TERMINATE** Jane Doe, John Doe, and Anthony Wills as defendants on the docket.

Because Plaintiff's claims involve physical injuries and his medical care, the Clerk is

further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Marcum and Schlueter the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendants should respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 28, 2026**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.